**MICHAEL C. BAXTER**
Oregon State Bar ID Number 910203
michael@baxterlaw.com
**JUSTIN M. BAXTER**
Oregon State Bar ID Number 992178
justin@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff Thomasian

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **TIFFANY WAGER**, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **CENTRAL FINANCIAL CONTROL,** abn for **SYNDICATED OFFICE SYSTEMS, LLC**, a Texas corporation, **EXPERIAN INFORMATION SOLUTIONS, INC**., a foreign corporation, **EQUIFAX INFORMATION SERVICES, LLC,** a foreign corporation. | Fair Credit Reporting Act (15 U.S.C. §1681et.seq.) and Fair Debt Collection Practices Act (15 U.S.C. §1692, et seq.). |
| | Demand for Jury Trial |
| Defendants. | |

Plaintiff alleges that at all times material:

///

Page  1 – COMPLAINT

1.

Tiffany Wager ("plaintiff") is a natural person residing in the State of Oregon.

2.

Central Financial Control ("Central") is an assumed business name for defendant Syndicated Office Systems, LLC, a Texas collection agency, engaged in the collection of debts in the State of Oregon. Defendants Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") are national consumer reporting agencies that provide credit reports to and about individuals in the State of Oregon.

3.

On or about May 21, 2012, plaintiff received a medical collection from Central, demanding she pay a $205 medical bill for an Anthony Miller. Plaintiff did not incur the bill nor does she know who Anthony Miller is.

4.

On or about June 2012, plaintiff attempted to apply for a home mortgage and learned that a $205 medical collection had been placed on her credit report. The $205 collection, Account Number 1251882403, was harming her credit and making it difficult for her to purchase a home. On or about June 29, 2012, plaintiff disputed the medical collection via facsimile to Central.

5.

On or about July 9, 2012, plaintiff received a letter from Central, indicating the bill was from the Delray Medical Center. Central was unwilling to remove the false account from plaintiff's credit report. Plaintiff disputed the false collection to defendants Experian and Equifax.

6.

On or about July 16, 2012, plaintiff received the results of Experian's investigation of her dispute with Experian. Experian falsely verified that the collection, now amounting to $207 in medical services, which she learned were incurred at the Del Ray Medical Center in Dallas, Texas. Experian falsely reported that she was responsible for the payment of these services.

7.

On or about July 19, 2012, Plaintiff also disputed the false collection to defendants Equifax and Experian. At this time the false collection was being reported both under the names of Central Financial Control, the assumed business name of defendant Syndicated Office Systems. In her second dispute plaintiff indicated that the false collection did not belong to her, that she resides in Oregon and that she had never been to Texas. She explained that Syndicated had apparently mixed her with someone else who had the same maiden name. She indicated that she did not know nor was she related to Anthony Miller, the person who incurred the services. In her dispute she explained that she had been denied the purchase of a home and the falsely reported collection was causing her extreme financial and emotional distress.

8.

On or about July 27, 2012, plaintiff received the results of Equifax's investigation. Equifax investigated and determined that the Central account was not appearing on her credit report. Equifax did not address plaintiff's dispute of the false Syndicated Office Systems account, which was appearing on her Equifax credit report.

9.

On or about August 6, 2012, plaintiff received the results of Experian's investigation of the false Central account appearing on her Experian credit report. After investigating, Experian

verified that plaintiff was responsible for the false collection.

10.

On or about August 13, 2012, plaintiff received her Equifax credit report. The false Syndicated Office Systems account continued to appear and was shown as being owed by plaintiff.

11.

On or about August 21, 2012, plaintiff disputed directly to defendant Syndicated. In her dispute plaintiff explained that the October 24, 2011 medical collection did not belong to her. Plaintiff explained that she had never been to Texas nor knew anyone who lived in Texas. She explained that it appeared that Syndicated was mixing her name with another person, who would be the actual debtor who owed the alleged services.

12.

Also on or about August 21, 2012, plaintiff ordered new credit reports from the three major credit bureaus. The Del Ray medical bill was being reported to the credit bureaus as being owed by plaintiff. Plaintiff disputed that she was liable on the medical collection to the three major credit bureaus.

13.

On or about September 3, 2012, Equifax investigated plaintiff's dispute and verified that the Syndicated account belonged to plaintiff.

14.

On or about September 25, 2012, plaintiff disputed the Central collection being reported on her Experian credit report directly to Experian. She explained to Experian that she resides in Oregon and has nothing to do with the false collection being reported on her credit report and

which had lead to her being denied two home mortgages.

15.

On or about August 14, 2012, plaintiff was denied a mortgage by Umpqua Bank. On or about October 1, 2012, plaintiff applied for financing for a new automobile by Ally Auto Financing (Ally). On or about October 15, 2012, plaintiff received a denial for her financing based on the false collection appearing on her Equifax credit report. Her credit reports continued to report the false derogatory collection as belonging to her.

16.

On or about October 12, 2012, plaintiff received the results of the investigation of the Central collection appearing on her Experian credit report. Experian refused to delete the account and informed her that because it had already verified the accuracy of the account, it would not reinvestigate it again in the future.

17.

On or about October 14, 2012, plaintiff received a denial of her application to Wells Fargo for a home mortgage. The denial was a result of the false medical collection appearing on plaintiff's Experian credit report.

18.

On or about October 19, 2012, Central responded to plaintiff's dispute of the Del Ray collection that was reporting on her credit report. Central reviewed the account but was unwilling to remove the account from plaintiff's credit reports and informed her that unless she was willing to falsely testify that she was aware the account was fraudulent, it would continue to actively collect it, including reporting the false information on her credit reports. Plaintiff has no idea if fraud was involved in the account which was being attributed to her.

19.

After six months of continued disputing and multiple denials of credit, plaintiff realized that she was not able to personally get this resolved and was left with no alternative but to file this case.

FIRST CLAIM FOR RELIEF

Fair Credit Reporting Act

(15 U.S.C. § 1681n)

(Syndicated)

20.

Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

21.

Plaintiff is a consumer as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c). The Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

22.

Defendant Syndicated is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2.

23.

Syndicated investigated the false collection upon receiving plaintiff's dispute from the credit reporting agencies. Syndicated willfully failed to conduct a reasonable investigation of plaintiff's dispute. As a result of its investigation, Syndicated continued to report false, derogatory information and allowed the dissemination of this false information to third parties. Syndicated failed to report the account as disputed by plaintiff to the credit bureaus.

24.

As a result of Syndicated violations' of the FCRA, plaintiff has suffered damages and continues to suffer damages, including loss of income, denials of credit, worry, fear, emotional distress, frustration, anxiety, invasion of privacy, damage to reputation, embarrassment, humiliation and lost opportunity to obtain credit, all to her present and future damages, in an amount to be determined by the jury, in addition to any statutory damages to be determined by the Court.

25.

Plaintiff alleges an entitlement to punitive damages in an amount to be determined by the jury.

26.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

<u>SECOND CLAIM FOR RELIEF</u>

(15 U.S.C. § 1681o)

(Syndicated)

27.

Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

28.

Plaintiff is a consumer as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).  The Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

29.

Defendant Syndicated is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2.

30.

Syndicated investigated the false collection upon receiving plaintiff's dispute from the credit reporting agencies. Syndicated negligently failed to conduct a reasonable investigation of plaintiff's dispute. As a result of its investigation, Syndicated continued to report false, derogatory information and allowed the dissemination of this false information to third parties. Syndicated failed to report the account as disputed by plaintiff to the credit bureaus.

31.

As a result of Syndicated violation's of the FCRA, plaintiff has suffered damages and continues to suffer damages, including loss of income, denials of credit, worry, fear, emotional distress, frustration, anxiety, invasion of privacy, damage to reputation, embarrassment, humiliation and lost opportunity to obtain credit, all to her present and future damages, in an amount to be determined by the jury, in addition to any statutory damages to be determined by the Court.

32.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

THIRD CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681n)

(Equifax and Experian)

33.

Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

34.

Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

35.

Defendants Equifax and Experian are "consumer reporting agencies" as that term is used in 15 U.S.C. § 1681a.

36.

Defendants willfully failed to comply with the requirements of the FCRA in the following ways: failing to follow reasonable procedures to assure the maximum possible accuracy of the information in plaintiff's credit reports, as required by 15 U.S.C. § 1681e(b) and failing to conduct a reasonable investigation, as outlined in 15 U.S.C. § 1681i.

37.

As a result of Equifax's and Experian's violations of the FCRA, plaintiff has suffered, continues to suffer and will suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

38.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

39.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

FOURTH CLAIM FOR RELIEF

(FCRA – 15 U.S.C. § 1681o)

(Equifax and Experian)

40.

Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

41.

Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

42.

Defendants Equifax and Experian are "consumer reporting agencies" as that term is used in 15 U.S.C. § 1681a.

43.

Equifax and Experian negligently failed to comply with requirements of the FCRA in the following way: failing to follow reasonable procedures to assure the maximum possible accuracy of the information in plaintiff's credit reports, as required by 15 U.S.C. § 1681e(b) and failed to conduct a reasonable investigation, as outlined in 15 U.S.C. § 1681i.

44.

As a result of Equifax's and Experian's violations of the FCRA, plaintiff has suffered, continues to suffer and will suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

45.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681o(a).

FIFTH CLAIM FOR RELIEF

FAIR DEBT COLLECTION PRACTICES ACT

(Syndicated)

46.

Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

47.

Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a.

48.

Syndicated is a "debt collector," attempting to collect an alleged "debt" owed by plaintiff, who is a "consumer," as those terms are defined in 15 U.S.C. § 1692a.

49.

Syndicated violated the FDCPA, 15 U.S.C. §1692, et seq. in the following ways:

1) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that the debt is disputed, in violation of 15 U.S.C. § 1692e(8);

2) Engaging in conduct the natural consequence of which is to harass, oppress or abuse a person in collection of a debt, in violation of 15 U.S.C. § 1692d.

50.

As a result of Syndicated's violations of the FDCPA, plaintiff has suffered, continues to suffer and will suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

51.

Plaintiff is entitled to statutory damages of $1,000, pursuant to 15 U.S.C. 1692k.

52.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1692k.

PRAYER

Plaintiff demands a jury trial on all claims. Wherefore, Plaintiff prays for a judgment as follows:

1. On Plaintiff's First Claim for Relief:

    a. Damages;

    b. Punitive damages;

    c. Reasonable attorney fees and costs.

  2. On Plaintiff's Second Claim for Relief:

    a. Damages;

    b. Reasonable attorney fees and costs.

  3. On Plaintiff's Third Claim for Relief:

    a. Damages;

    b. Punitive damages;

    c. Reasonable attorney fees and costs.

  4. On Plaintiff's Fourth Claim for Relief:

    a. Damages;

    b. Reasonable attorney fees and costs.

  5. On Plaintiff's Fifth Claim for Relief:

    a. Damages;

    b. Reasonable attorney fees and costs.

DATED this 11th day of December 2012.

        /s/ Michael C. Baxter
        _____
        Michael C. Baxter, OSB # 910203
        michael@baxterlaw.com
        Justin M. Baxter, OSB # 992178
        justin@baxterlaw.com
        Telephone (503) 297-9031
        Facsimile (503) 291-9172
        Attorneys for Plaintiff Wager